UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CLAUDIA L. HART,
CAROL S. STEINHAUS,
KARIN M. STULZ, and
MARGARET E. VROMAN,

      Plaintiffs,

vs.

NORTHERN MICHIGAN
UNIVERSITY, a public entity,

      Defendant.

Case No.
Hon.

_____/
Raymond J. Sterling (P34456)
Attorney for Plaintiffs
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
rsterling@sterlingattorneys.com
_____/

# COMPLAINT AND JURY DEMAND

Plaintiffs Claudia L. Hart, Carol S. Steinhaus, Karin M. Stulz, and Margaret E. Vroman, by their attorneys, Sterling Attorneys at Law, P.C., for their Complaint and Jury Demand against defendant submits the following:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiffs are individuals residing in Marquette, Michigan.

2. Defendant Northern Michigan University ("NMU") is a public four-year university located in Marquette, Michigan and has an enrollment of approximately 7,700 undergraduate and graduate students.

3. Plaintiffs bring this action pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 USC 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963 (the "EPA"), codified as Section 6(d) of the FLSA, 29 USC 206(d), and the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq*.

4. Defendant is an employer, and plaintiffs are employees, as defined by the FLSA, the EPA, and the Elliott-Larsen Civil Rights Act.

5. This Court has federal question jurisdiction of plaintiffs' federal claims under 28 USC 1331 because this action arises under the laws of the United States.

6. This Court has supplemental jurisdiction over plaintiffs' state law claims under 28 USC 1367(a).

7. Venue is proper under 28 USC 1391(a)(2) and (b)(2) because the unlawful employment actions giving rise to the claims occurred, and are still occurring, in this district.

## PROCEDURAL HISTORY

8. In September 2016, plaintiffs filed separate charges with the Equal Employment Opportunity Commission ("EEOC") alleging that NMU

discriminated against them on the basis of their gender by paying them less than their male counterparts in violation of the EPA and Title VII of the Civil Rights Act of 1964 ("Title VII").

9. Following an investigation into plaintiffs' allegations, the EEOC determined there is reasonable cause to believe that NMU violated the EPA and Title VII.

10. On or about August 24, 2018, the EEOC notified plaintiffs and NMU of its determination and gave NMU an opportunity to remedy its discriminatory practices through the EEOC's conciliation process.

11. Plaintiffs and NMU were unable to reach an agreement through the EEOC's conciliation process.

12. On or about December 18, 2018, the EEOC notified plaintiffs by letter that their cases have been referred to the U.S. Department of Justice ("DOJ") for review to determine whether DOJ will bring a Title VII lawsuit on their behalves.

13. The December 18th letter further stated that if the DOJ declines to file suit against NMU after concluding its review, the DOJ will issue plaintiffs a Right to Sue letter entitling them to sue under Title VII.

14. Upon information and belief, the DOJ is still reviewing plaintiffs' allegations.

15. While the DOJ review continues, plaintiffs have satisfied all conditions precedent to proceed with their EPA and Elliott-Larsen claims.

## GENERAL ALLEGATIONS

16. Plaintiff Claudia Hart began working at NMU in August 1981 and is the longest-serving faculty member in the College of Business.

17. Plaintiff Hart currently holds the title of Professor in the College of Business.

18. Plaintiff Carol Steinhaus began working at NMU in August 2001 and currently holds the title of Professor in the College of Business.

19. Plaintiff Karin Stulz began working at NMU in August 1989 and currently holds the title of Associate Professor in the College of Business

20. Plaintiff Margaret Vroman began working at NMU in August 2008 and currently holds the title of Professor in the College of Business.

21. There are currently 22 faculty members in the College of Business and 15 of them are males.

**Throughout their careers, plaintiffs performed the same job duties as their male counterparts but earned significantly less**

22. Plaintiffs Hart, Steinhaus, and Vroman are the only female faculty members in the College of Business with the rank of Professor and they currently earn approximately 9% less than the male Professors on average.

23. Plaintiff Stulz is the only female faculty member in the College of Business with the rank of Associate Professor and she currently earns approximately 39% less than the male Associate Professors on average.

24. In 2016, plaintiffs Hart and Steinhaus were the only female faculty members in the College of Business with the rank of Professor and earned approximately 15% less than the male Professors on average.

25. In 2016, plaintiff Vroman was the only female faculty member in the College of Business with the rank of Associate Professor and earned approximately 19.5% less than the male Associate Professors on average.

26. In 2016, plaintiff Stulz was the only female faculty member in the College of Business with the rank of Assistant Professor and earned approximately 71.5% less than the male Assistant Professors on average.

27. Over the last 12 years, the average male salary in the College of Business significantly exceeds the average female salary across all ranks and disciplines.

28. This pay disparity exists despite the fact that plaintiffs perform equal work under similar conditions.

## NMU's gender discrimination goes beyond unequal pay for plaintiffs

29. NMU's College of Business has fostered an environment in which male faculty members are treated better than female faculty members in regards to the terms and conditions of their employment.

30. NMU's College of Business gives male faculty members preference in choosing the classes they teach.

31. NMU's College of Business treats male faculty better than female faculty in terms of meeting qualifications for tenure.

32. NMU's College of Business has a practice of awarding tenure track positions to male faculty members instead of equally or more qualified female faculty members.

33. When plaintiffs complained to NMU's administration about gender discrimination, several male faculty members and administrators, including Joel Thompson and Dale Kapla, retaliated against plaintiffs by disparaging their work, canceling their classes and programs, or increasing their workloads without additional compensation.

## COUNT I

### VIOLATIONS OF THE EQUAL PAY ACT

34. Plaintiffs incorporate the preceding paragraphs by reference.

35. The Equal Pay Act provides, in relevant part, that "No employer … shall discriminate … between employees on the basis of sex by paying wages to employees … at a rate less than the rate at which he pays wages to employees of the opposite sex … for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions …" 29 USC 206(d)(1).

36. Plaintiffs and their male counterparts perform jobs requiring equal skill, effort, and responsibility.

37. Plaintiffs and their male counterparts perform their jobs under similar working conditions.

38. Defendant pays a wage rate differential in violation of the Equal Pay Act by paying plaintiffs less than their male counterparts.

39. Defendant knows that by paying plaintiffs less than their male counterparts they are in violation of the Equal Pay Act and/or are acting in reckless disregard of the Equal Pay Act.

40. As a direct and proximate result of defendant's conduct, plaintiffs have suffered, and continue to suffer, lost compensation and other incidental and consequential damages, including attorney fees.

## COUNT II

### SEX DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

41. Plaintiffs incorporate the preceding paragraphs by reference.

42. Defendant discriminated against plaintiffs with respect to the terms, conditions, and privileges of employment due to plaintiffs' gender.

43. Defendant was predisposed to discriminate against plaintiffs based on their gender and favored male faculty members over plaintiffs.

44. Plaintiffs' gender was a factor in defendant's decision to pay plaintiffs less compensation than their male counterparts.

45. Defendant's discrimination adversely affected plaintiffs' compensation, terms, conditions, and privileges of employment in violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq*.

46. As a direct and proximate result of defendant's conduct, plaintiffs have suffered and will continue to suffer lost compensation, emotional distress, and other incidental and consequential damages, including attorney fees.

WHEREFORE, plaintiffs respectfully request that this Honorable Court enter judgment against defendant, in whatever amount plaintiffs are found to be entitled, together with punitive damages, equitable relief, interest as an element of damages, statutory interest, and attorney fees and costs.

### JURY DEMAND

Plaintiffs Claudia L. Hart, Carol S. Steinhaus, Karin M. Stulz, and Margaret E. Vroman, by their attorneys Sterling Attorneys at Law, P.C., demand a trial by jury.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Raymond J. Sterling
Raymond J. Sterling (P34456)
Attorney for Plaintiffs
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

Dated: February 8, 2019